IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KERRY KURISU, DOUGLAS PROLA, AND BILL PRUITT**, <br><br> Plaintiffs, <br><br> v. <br><br> **SVENHARD'S SWEDISH BAKERY SUPPLEMENTAL KEY MANAGEMENT RETIREMENT PLAN; UNITED STATES BAKERY; MOUNTAIN STATES BAKERIES LLC; CENTRAL CALIFORNIA BAKING COMPANY, RONNY SVENHARD, DAVID KUNKEL, JAMES KOHLES, AND MICHELLE BARNETT**, <br><br> Defendants. | Case No. 3:21-cv-912-SI <br><br> **OPINION AND ORDER GRANTING BAKERY DEFENDANTS' MOTION TO DISMISS** |

Christopher E. Roy, ROY LAW GROUP, 1000 SW Broadway, Suite 900, Portland, OR 97205; and William Reilly, ROBOOSTOFF & KALKIN, 369 Pine Street,Suite 820, San Francisco, CA 94104. Of Attorneys for Plaintiffs.

Steven M. Wilker, Zachary W.L. Wright, and Jeffrey G. Bradford, TONKON TORP LLP, 888 SW Fifth Avenue, Suite 1600, Portland, OR 97204. Of Attorneys for Defendants United States Bakery, Mountain States Bakeries LLC, and Central California Baking Company.

**Michael H. Simon, District Judge.**

Before the Court is a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants United States Bakery, Mountain States Bakeries LLC, and Central California Baking Company (collectively, the Bakery Defendants). For the reasons stated below, the Court grants the Bakery Defendants' motion to dismiss without prejudice and with leave to amend.

## BACKGROUND

In their Complaint (ECF 1), Plaintiffs allege that they worked between 34 and 38 years for Svenhard's Swedish Bakery (Svenhard's). From 1995 through 2019, Svenhard's promised Plaintiffs and other employees that upon their retirement they would receive pension benefits pursuant to the Svenhard's Swedish Bakery Supplemental Key Management Retirement Plan (Plan). After their retirement, Plaintiffs received pension benefit checks in amounts less than promised by the fiduciaries of the Plan. In some cases, after Plaintiffs disputed the amount of the benefits paid under the Plan, the Plan and the fiduciaries of the Plan increased the monthly benefit, although these increases were substantially less than what had been promised to Plaintiffs.

Plaintiffs filed this lawsuit in the United States District Court for the Northern District of California. Plaintiffs asserted the following claims: (1) benefits due under Section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B); (2) federal common law estoppel; (3) equitable relief under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3); and (4) penalties under Section 502(a)(1)(A) of ERISA, 29 U.S.C. § 1132(a)(1)(A).

In this lawsuit, Plaintiffs have sued three sets of Defendants. First, Plaintiffs sue the Plan. Second, Plaintiffs sue Ronny Svenhard, David Kunkel, James Kohles, and Michelle Barnett,

whom Plaintiffs allege were the Plan Administrators and fiduciaries of the Plan. ECF 1, ¶ 6.

Third, Plaintiffs sue the Bakery Defendants. Plaintiffs allege that on or before November 2019,

Svenhard's "transferred substantially all of its assets" to the Bakery Defendants, but the Bakery

Defendants have "refused to assume" Svenhard's obligations under the Plan. ECF 1, page 1.

　　　Before the federal court in California, the Bakery Defendants argued both venue was

improper and Plaintiffs failed to state a claim against them. That court agreed that venue was

improper and severed Plaintiffs' claims against the Bakery Defendants. That court then

transferred Plaintiffs' claims against the Bakery Defendants to the District of Oregon, pursuant to

28 U.S.C. § 1406. Because the federal court in California determined that venue in California

was improper, it declined to address the Bakery Defendants' argument that Plaintiffs failed to

state a claim because the agreements between Svenhard's and the Bakery Defendants did not

require the Bakery Defendants to assume any pension obligations under the Plan. ECF 1-3. The

Bakery Defendants now renew that motion before this Court.

## STANDARDS

　　　A motion to dismiss for failure to state a claim may be granted only when there is no

cognizable legal theory to support the claim or when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-*

*Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629

F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint

"may not simply recite the elements of a cause of action, but must contain sufficient allegations

of underlying facts to give fair notice and to enable the opposing party to defend itself

effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## DISCUSSIONS

In their Complaint, Plaintiffs allege that the Plan provides that if Svenhard's sells substantially all its assets, then Svenhard's "shall condition any sale, merger or reorganization of [Svenhard's] or substantially all of its assets upon the surviving entity's or successor organization's assuming [Svenhard's] obligations under this Plan." ECF ¶ 21. Plaintiffs further allege:

> Thus, *if* assumption of the obligations under the Plan was a condition of the sale, [the Bakery Defendants] must pay Plaintiffs the benefits that are owed under the Plan. Or in the alternative, if [Svenhard's] failed to condition the sale on the assumption of the obligations under the Plan, the Plan fiduciaries must pay Plaintiffs the benefits that are owed under the Plan.

PAGE 4 – OPINION AND ORDER GRANTING MOTION TO DISMISS

ECF 1 (emphasis added). Plaintiffs, however, do not affirmatively allege, even on information and belief, that the Bakery Defendants ever agreed to assume any obligations under the Plan. This deficiency is significant.

This lawsuit, brought by Mr. Kurisu and others (the *Kurisu* Lawsuit), is the third of three related actions pending before this Court. The first is *Svenhard's Swedish Bakery v. United States Bakery, et al.*, Civil No. 3:20-cv-1454-SI (D. Or.) (*Svenhard's* Lawsuit). In the *Svenhard's* Lawsuit, the Court recently granted the defendants' motion to dismiss, finding that, among other things, Svenhard's failed to state a claim of successor liability because the Bakery Defendants never expressly or impliedly agreed to assume the obligations of the Plan when they purchased Svenhard's assets. *See Svenhard's Swedish Bakery v. United States Bakery*, 2022 WL 2341731 (D. Or. June 29, 2022).

The second related lawsuit is *Board of Trustees of the Bakery and Confectionery Union and Industry International Pension Fund v. United States Bakery, et al.*, Case No. 3:21-cv-617-SI (D. Or.) (Pension Fund Lawsuit). In the Pension Fund Lawsuit, the plaintiff (the Pension Fund) seeks to hold the Bakery Defendants responsible for withdrawal liability under Sections 515, 502(g)(2), and 4301 of ERISA, 29 U.S.C. §§ 1145, 1132(g)(2), and 1451, respectively. The Pension Fund also seeks to hold the Bakery Defendants responsible under Section 4212 of ERISA, 29 U.S.C. § 1392. According to the Pension Fund, it is entitled to recover against the Bakery Defendants, even if they never expressly or impliedly agreed to assume any obligations of the Plan when they purchased Svenhard's assets.

In the *Kurisu* Lawsuit, which is the third lawsuit, Plaintiffs respond to the Bakery Defendants' motion to dismiss by repeating certain allegations from their Complaint:

> Plaintiffs allege that if assumption of the obligations under the Plan was a condition of the sale, [the Bakery Defendants] must pay

> Plaintiffs the benefits that are owed under the Plan. Or in the
> alternative, if [Svenhard's] failed to condition the sale on the
> assumption of the obligations under the Plan, the Fiduciary
> Defendants must pay Plaintiffs the benefits that are owed under the
> Plan arising from this failure.

ECF 23 at 3. Plaintiffs, however, do not state a claim against the Bakery Defendants. Plaintiffs

have not alleged, even on information and belief, a set of facts from which it is reasonable to

conclude that the Bakery Defendants are legally obligated to Plaintiffs.

Plaintiffs' predicament is understandable. In essence, they claim that they are entitled to

prevail against either Svenhard's (and related parties) or the Bakery Defendants, depending upon

certain information that Plaintiffs say they do not yet have. And Plaintiffs may be right. But that

is not enough to prevail against the Bakery Defendants. Thus, the Court will dismiss Plaintiffs'

claim under the Plan against the Bakery Defendants without prejudice and with leave to replead.

The Court also will allow Plaintiffs a reasonable amount of limited discovery before Plaintiffs

must replead so that Plaintiffs can determine whether the Bakery Defendants assumed any

obligations under the Plan as a condition of the Svenhard's selling its assets to the Bakery

Defendants.

Finally, Plaintiffs allege an alternative claim of federal common law estoppel based on

representations made by "Defendants" to Plaintiffs. ECF 23 at 3 (referring to "oral promises

made to Plaintiffs about their retirement benefits"); *see also* ECF 1 ¶¶ 37-39. Plaintiffs, however,

may not lump together different groups of Defendants with a broad and vague conclusory

allegation. In the absence of a well-pleaded allegation of joint conduct or an agency relationship,

failing to allege specific facts relating to a specific defendant and lumping multiple defendants

together is routinely rejected by courts. Allegations are factually deficient when a "complaint

lumps defendants together and fails to adequately distinguish claims and alleged wrongs among

defendants. . . . Plaintiffs must allege more than generic and conclusory allegations

demonstrating that 'Defendants' collectively engaged in [misconduct] and allege with at least some degree of specificity the acts which each defendant is alleged to have engaged in which support Plaintiff's claims." *McKeon v. Cent. Valley Cmty. Sports Found.*, 2018 WL 6436256, at *4 (E.D. Cal. Dec. 7, 2018) (citing cases). A complaint must be construed based on its allegations, and if there are insufficient allegations about the underlying facts relating to an individual defendant, that is a deficiency in the pleading. *See Evans v. Sherman*, 2020 WL 1923176, at *3 (E.D. Cal. Apr. 21, 2020) (noting that the plaintiff "simply lumps all defendants together" and "makes it impossible for the Court to draw the necessary connection between the actions or omissions" of the various defendants); *Hamilton v. El Moussa*, 2020 WL 2614625, at *2 (C.D. Cal. Feb. 10, 2020) ("When a plaintiff asserts a TCPA claim against multiple defendants, he must differentiate which allegations apply to which defendant—it is not enough to say that a group of defendants violated the statute." (collecting cases)); *Karkanen v. California*, 2018 WL 3820916 at * 7 (N.D. Cal. Aug. 10, 2018) (dismissing complaint where "plaintiff repeatedly lumps 'defendants' together in her allegations," because "a complaint which lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)" (citing cases)); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018) ("Plaintiffs must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." (quotation marks and citation omitted)); *Wright v. City of Santa Cruz*, 2014 WL 5830318, at *5 (N.D. Cal. Nov. 10, 2014) ("These allegations are inadequate because they lump all defendants together and fail to allege the factual basis for each defendant's liability.").

Thus, if Plaintiffs want to allege that the Bakery Defendants are liable under a theory of estoppel, Plaintiffs must allege what representations were made to them and by which Defendants. Anything less, fails to state a claim of estoppel against the Bakery Defendants.

**CONCLUSION**

The Court GRANTS Defendants' Motion to Dismiss (ECF 19) without prejudice and with leave to amend. The Court also will grant the parties' Joint Motion to Stay Proceeding (ECF 29). Accordingly, if Plaintiffs believe they can cure the deficiencies described in this Order, Plaintiffs may file an amended complaint not later than 60 days after the Court lifts the stay of this lawsuit.

**IT IS SO ORDERED**.

DATED this 11th day of October, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge